IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:23-CV-00127-M-BM

| | |
|---|---|
| CORSHEENA A. KERR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER AND |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| NAVY FEDERAL, ) | |
| ) | |
| Defendant. ) | |

This *pro se* case is before the court on the amended application by plaintiff Corsheena A. Kerr ("plaintiff") to proceed *in forma pauperis* [DE-7] under 28 U.S.C. § 1915(a)(1), and for a frivolity review of plaintiff's complaint [DE-1] pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). The court finds that plaintiff has demonstrated appropriate evidence of her inability to pay the required court costs, and the amended application to proceed *in forma pauperis* will be ALLOWED. However, based on the court's review of the filings in this matter and for the reasons stated below, the undersigned recommends that plaintiff's complaint [DE-1] be dismissed.

## ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [her]self and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information in the amended motion to proceed *in forma pauperis*, the court finds that plaintiff has adequately demonstrated her inability to prepay the required court costs. Plaintiff's amended motion to proceed *in forma pauperis* [DE-7] is therefore ALLOWED.

# MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

## I. PLAINTIFF'S ALLEGATIONS AND CLAIMS

In this action, plaintiff asserts several claims against Navy Federal Credit Union ("Navy Federal" or "defendant") that arise from a dispute involving alleged late loan payments by plaintiff, which resulted in the repossession of her car. *See generally* [DE-1]. While plaintiff's complaint is somewhat unclear, it appears to allege as follows:

On December 2, 2022, plaintiff sent a "coupon note" to defendant, valued at $7,975.56. [DE-1] at 1. Plaintiff attaches, an exhibit to her complaint, the document she appears to construe as a "coupon note" ([DE-1-1] at 1). The exhibit bears the form of a loan statement for the month of November 2022 that plaintiff has filled out as though it were a check or a deposit slip. In a letter attached to this note, plaintiff asserted, based on several UCC provisions, that defendant was required to accept the note as payment for her debts. *Id.* On January 28, 2023, defendant sent two late payment notices to plaintiff for delinquent payments of $256.65 and $407.98. [DE-1-1] at 3-4. Finally, in a letter dated July 12, 2023, defendant advised plaintiff that it had repossessed her car, claiming that she had defaulted on her loan. *Id.* at 5. As a result of these events, plaintiff has brought claims under 18 U.S.C. § 242, the Truth in Lending Act ("TILA"), the Fourth and Fifth Amendments, and state law claims for defamation and breach of contract. [DE-1] at 2-4.

The relief sought by plaintiff is that the court: (1) "[d]eclare the [d]efendant's actions violated the rights of the [p]laintiff;" (2) "[o]rder the [d]efendant to provide just compensation for the beneficial interest that was unlawfully seized;" (3) "[a]ward actual, statutory and punitive damages;" (4) "[g]rant injunctive and/or declaratory relief as necessary to protect [p]laintiff's rights;" (5) "[a]ward [p]laintiff reasonable attorney fees and costs pursuant to applicable law;" (6) "[g]rant any other relief this Court deems just and proper." [DE-1] at 4.

## II. APPLICABLE LEGAL STANDARDS FOR FRIVOLITY REVIEW

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) (standard for frivolousness). A case is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

In evaluating frivolity specifically, a *pro se* plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722 (4th Cir. 1989). Nonetheless, the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton*, 504 U.S. at 32. The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th

3

Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007) (alterations in original) (internal quotation marks omitted)).

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Hill v. Se. Reg'l Med. Ctr.,* No. 7:19-CV-60-BO, 2019 WL 7041893, at *2 (E.D.N.C. Oct. 21, 2019), *mem. & recomm. adopted*, No. 7:19-CV-60-BO, 2019 WL 7163434 (E.D.N.C. Dec. 20, 2019), *aff'd*, 818 F. App'x 261 (4th Cir. 2020) (discussing the lack of federal question jurisdiction and diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here, the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Another basis is diversity of citizenship

or so-called diversity jurisdiction, which requires that the citizenship of each plaintiff be different from that of each defendant and the amount in controversy exceed $75,000. *Id.* § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).

### III. DISCUSSION

**A.  Subject Matter Jurisdiction**

Plaintiff does not allege, nor does her complaint support, that her claims meet the $75,000 amount in controversy requirement to invoke diversity jurisdiction. *See generally*, [DE-1], [DE-1-2].

Plaintiff claims that subject matter jurisdiction in this case is based on federal question jurisdiction. *See* [DE-1-2] (Civ. Cover Sheet § II. Basis of Jurisdiction (marking "Federal Question" as the basis of jurisdiction)). On plaintiff's civil cover sheet, she lists 28 U.S.C. §§ 1331 and 1391 as the statutes giving rise to her claim. [DE-1-2] (Civ. Cover Sheet § IV. Cause of Action). § 1331 is the statute codifying federal question jurisdiction and is not a source of substantive rights itself.[1] Similarly, § 1391 relates to venue and is also not a source of substantive rights. Nevertheless, read broadly, plaintiff's complaint lists several other federal statutes and constitutional amendments such as 18 U.S.C. § 242, the Truth in Lending Act, and the Fourth and Fifth Amendments. [DE-1] at 2-4. However, each of these claims fails for the reasons listed below.

**B.  18 U.S.C. § 242**

Plaintiff first asserts a claim under 18 U.S.C. § 242. [DE-1] at 2. However, 18 U.S.C. § 242 is a criminal statute, and does not create private rights of action. *See El Bey v. Celebration Station*, No. 3:02CV461, 2006 WL 2811497, at *3 (W.D.N.C. Sept. 28, 2006) ("[18 U.S.C. § 242]

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5

however, do[es] not give rise to a civil action for damages, and neither the plaintiff nor this Court has the authority to issue a criminal complaint."), *aff'd*, 242 F. App'x 917 (4th Cir. 2007). Because § 242 does not create a private right of action, this claim is subject to dismissal.

C. **Truth In Lending Act**

Plaintiff's complaint is not the first in the Fourth Circuit to allege a violation of TILA based on a financial institution not recognizing a "coupon note." *See Griffin v. First Progress*, No. 6:23-cv-04454-TMC-KFM, 2023 WL 9953525 at *2 (D.S.C. Nov. 6, 2023) ("[Plaintiff] further contends that the defendant violated the Truth in Lending Act ("TILA") because his "coupon note" was not accepted as payment."), *mem. & recomm. adopted*, No. 6:23-cv-04454-TMC-KFM, 2024 WL 862243 (D.S.C. Feb. 29, 2024). The purpose of TILA is "to assure a meaningful disclosure of credit terms . . . to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). It requires creditors provide borrowers with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998). TILA does not require that businesses accept "coupon notes" as payment instead of money. *See Griffin*, 2023 WL 9953525 at *2 ("TILA requires credit terms be disclosed to a consumer; it does not that require businesses, such as the defendant, accept "coupon notes" instead of actual money as payment."). As a result, plaintiff has failed to assert a claim upon which relief may be granted under TILA.

D. **Constitutional Claims**

Plaintiff alleges violations of her Fourth and Fifth Amendment rights. [DE-1] at 2-3. Because the "United States Constitution and its amendments do not create private rights of action," these claims will be treated as though they were brought under 42 U.S.C. § 1983 for deprivation of rights. *See Sciacca v. Durham County Board of Education*, 509 F. Supp. 3d 505, 516-17

6

Case 4:23-cv-00127-M-BM    Document 8    Filed 08/27/24    Page 6 of 9

(M.D.N.C. 2020) (treating a claim for violations of "constitutional rights" as though it was brought under § 1983); *see also* [DE-1] at 2-3 (claiming "deprivation of rights" based on alleged violations of the Fourth and Fifth Amendments).

"Section 1983 provides a statutory basis to receive a remedy for the deprivation of a right 'secured by the Constitution and laws' of the United States by a person acting under color of state law. *Lanier Const. Co., Inc. v. City of Clinton, N.C.*, 924 F. Supp. 2d 659, 664 (E.D.N.C. 2013) (quoting *Zombro v. Baltimore City Police Dept.*, 868 F.2d 1364, 1366 (4th Cir. 1989)). The "under-color-of-state-law element of § 1983," is similar to the Fourteenth Amendment's "state-action" requirement in that it "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)); *see also Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982) (noting the equivalence of the § 1983's "color of state law" requirement and the Fourteenth Amendment's "state action" requirement). The Fourth Circuit has held that private conduct may constitute state action in the following cases:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen. If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state.

*Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993).

Here, plaintiff has failed to demonstrate that her claim involves anything other than private conduct. Navy Federal, as alleged in plaintiff's complaint, is a private company engaged exclusively in private commercial transactions, meaning that it fails to satisfy the requirement of acting "under color of law." *See, e.g., Anderson v. Wiggins*, 460 F. Supp. 2d 1, 7 (D.D.C. 2006)

7

Case 4:23-cv-00127-M-BM    Document 8    Filed 08/27/24    Page 7 of 9

("A federal credit union—although perhaps misleading in use of the word 'federal'—is not a government agency, but rather is a private corporation or association"). Nothing in the complaint indicates that the private conduct fell into one of the categories that could constitute state action. Therefore, plaintiff's Fourth and Fifth Amendment claims fail to satisfy the requirements of § 1983.

E.     **Remaining State Law Claims**

Plaintiff raises state law claims for defamation and breach of contract. [DE-1] at 2-3. As discussed above, plaintiff's jurisdictional allegations do not indicate a sufficient amount in controversy to support diversity jurisdiction, and there are no viable "anchor" federal claims upon which to base supplemental jurisdiction. *See Taylor v. Bettis*, 976 F.Supp.2d 721, 751 (E.D.N.C. 2013), *aff'd* 693 F. Appx. 190 (4th Cir. 2017) (declining to exercise supplemental jurisdiction over state law claims and dismissing the complaint in its entirety after dismissing all federal claims giving the court original jurisdiction). Accordingly, because this court does not have jurisdiction to consider plaintiff's state law claims, the undersigned finds any such claims to be frivolous.

### IV.  CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that plaintiff's complaint [DE-1] be DISMISSED and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, her counsel. Plaintiff shall have until **September 12, 2024**, to file written objections to this Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject,

8

Case 4:23-cv-00127-M-BM     Document 8     Filed 08/27/24     Page 8 of 9

or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985)**.

Submitted, this 27th day of August, 2024.

_____
Brian S. Meyers
United States Magistrate Judge